IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN A. HALEY, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 06-AR-1503-S |
| } | |
| JOHN E. POTTER, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant, John E. Potter ("Potter"), the Postmaster General of the United States of America, for summary judgment on the claims brought against him by plaintiff, John A. Haley ("Haley"). Haley, an employee of the United States Postal Service (the "USPS"), alleges that he was passed over for a promotion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. For the reasons that follow, the court concludes that Potter's motion is due to be granted and that he is entitled to summary judgment.

**I. Facts**

Haley, a black male, is an employee of the USPS, where he has worked for over thirty years. Since 1983, Haley has been a supervisor of distribution operations in Montgomery, Alabama. On two separate occasions, Haley has worked on temporary assignment in the Birmingham, Alabama office of the USPS as a Labor Relations Specialist. Haley holds a master's degree in human resources and

-1-

has been trained in conflict resolution issues.  He is also engaged in a variety of community activities.

In August 2004, Haley applied for a promotion to the position of Workplace Improvement Analyst ("WIA") with the Birmingham office of the USPS.  He was not offered the position.  Instead, the position was given to Julie Cisko ("Cisko"), a white female USPS employee.  This was not the first time Haley had been passed over for a promotion.  He has filed complaints with the EEOC on multiple occasions, which twice led to suits in federal court in Montgomery.  Cisko, who joined the USPS in 1983, was the manager of distribution operations in Cincinnati, Ohio.

The application process for the open WIA position began when a "vacancy announcement" was made.  Eligible candidates were invited to apply by submitting an application form (Form 991) and a statement of their relevant qualifications.  The person in charge of the application process was Elizabeth White ("White"), a twenty-eight year employee of the USPS and the head of human resources for the Alabama District.  Among those who submitted Form 991 applications were Haley and Cisko.  At the close of the application period, an initial review board was convened to sift through all the applications and identify the most qualified candidates.  After the initial review, eight final candidates, including Haley and Cisko, were selected.

Each of these eight candidates was interviewed by White, and

two other employees of the USPS who were asked by White to give advice on the candidates and "feedback on the interviews." Def.'s Ex. 2, Depo. of Elizabeth White, 17.  The first of these two interviewers, Nancy James ("James"), a white female, was the nationwide director of the WIA program.  The second, Wendell Townsley ("Townsley"), a black male, was the WIA in the Atlanta, Georgia USPS office.  These two individuals were selected by White to participate in the interviews because of their familiarity with the WIA position.  Although their input was clearly welcomed by White, James and Townsley had no official role.

At the conclusion of the interview process, Cisko was selected for the WIA position.  Cisko clearly made quite an impression on the members of the interview committee and was their "unanimous" choice.  Def.'s Ex. 8, Aff. of Nancy James.  After almost two years in the position, Cisko left Birmingham to take a job with the USPS in Tampa, Florida.

## II. Summary Judgment Standard

In considering a Rule 56 motion, the court must construe the evidence and make factual inferences in the light most favorable to the nonmoving party.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  The court can enter summary judgment only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c). The court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43 (1986) (citations omitted).

### III. Legal Analysis

Haley offers two bases for his invocation of Title VII. First, he argues that his failure to secure this promotion is traceable to racial discrimination on the part of White and the USPS. Second, Haley argues that his application was rejected in retaliation for his past EEOC activity. Potter concedes, as he must, that Haley has set forth a *prima facie* claim for racial discrimination. Potter does, however, contest the sufficiency of Haley's *prima facie* retaliation claim.

Haley presents no direct evidence of discrimination or retaliation. Therefore, the sufficiency of his claim must be examined under the familiar burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), and its progeny. Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination or retaliation, which the defendant can rebut by offering legitimate, non-discriminatory reasons for the allegedly unlawful employment act. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 2106 (2000). The defendant's burden on rebuttal is "exceedingly light . . . ." *Perryman v. Johnson Prods. Co.*, 689

-4-

F.2d 1138, 1142 (11th Cir. 1983) (internal quotations and citations omitted).  A defendant "need not persuade the court that its proffered reasons are legitimate; the . . . burden is merely one of production, not proof."  *Id.*

Once a defendant has articulated one or more legitimate, non-discriminatory reasons for its adverse action, the burden shifts to the plaintiff to "come forward with evidence . . . sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (internal quotations and citations omitted).  The plaintiff, in other words, must show that the defendant's proffered justifications were pretextual.  "To show that the employer's reasons were pretextual, the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions . . . that a reasonable finder of fact could find [the proffered justifications] unworthy of credence."  *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004) (internal quotations and citations omitted).  If the plaintiff cannot offer sufficient evidence to create a genuine issue of material fact as to whether a proffered justification is pretextual, the defendant is entitled to summary judgment.

**a) Racial Discrimination**

Having conceded that Haley established a *prima facie* claim of

racial discrimination, the burden shifts to Potter to articulate one or more legitimate, non-discriminatory reasons for promoting Cisko instead of Haley. Among the reasons Potter gives for selecting Cisko over Haley are (1) her recent master's degree, (2) her verbal communication skills displayed in the interview, and (3) her extensive experience in leadership and management positions. These are clearly legitimate, non-discriminatory reasons for the choice of Cisko.

The three pieces of evidence Haley proffers in an attempt to establish pretext are wholly insufficient to satisfy the burden he must shoulder under *McDonnell Douglas*. First, Haley notes that Cisko is from Cincinnati, and therefore hails from outside commuting distance of Birmingham. Second, he claims that another USPS employee, Marsha Jackson ("Jackson"), who is also from Cincinnati, was selected to participate in the interview process solely, the implication is, for the purpose of thwarting Haley's candidacy. Finally, Haley notes that a typographical error in Cisko's application, which incorrectly identified the position for which she was applying, was improperly ignored.

Haley's "Cincinnati" argument is premised on an unsupported reading of the USPS hiring guidelines which do not, as Haley suggests, preclude the hiring of candidates from outside the local area. Indeed, there is nothing to suggest that the USPS hiring guidelines, quoted by Haley in his brief, were ever violated. This

argument is therefore entirely unconvincing.  Next, Haley mischaracterizes Jackson's role in the hiring process.  Even if the court were willing to investigate an alleged insidious plot to favor those from Cincinnati (which it is not), Jackson was involved merely in the selection of the final eight candidates, which included Haley.  She was not a part of the panel which actually selected Cisko over Haley.  Lastly, a single, insignificant typographical error contained on the first page of Cisko's application is simply not evidence of pretext for racial discrimination.

In considering (and rejecting) Haley's pretext argument, it is useful to remember that it is not this court's role to determine whether Haley was a better candidate than Cisko.  The court does "not sit in judgment of an employer's selection." *Cooper*, 390 F.3d at 732.  Rather, to prove pretext, Haley must show this court that any disparities of qualification are "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id*.  It is putting it mildly to say that the evidence offered by Haley does not prove that his qualifications were far superior to those of Cisko.

Although Haley conclusorily states that he was the best qualified candidate, his credentials appear, on paper at least, very similar to, and arguably less impressive than those of Cisko.

Both had master's degrees, both worked in supervisory roles within the USPS, and both had similar longevity with the USPS.  However, of the two, Cisko held a more senior position, one step up from Haley in the USPS hierarchy.  It is, therefore, impossible to conclude that Haley's qualifications were so far superior to Cisko's as to satisfy this court that Potter's stated reasons for hiring Cisko were pretextual.  And, *Crawford v. City of Fairburn*, 482 F.3d 1305 (11th Cir. 2007), requires a plaintiff to rebut each and all of the employer's proffered legitimate reasons for its decision.

### b) Retaliation

In addition to his claim of racial discrimination, Haley contends that defendant's decision not to promote him was made in retaliation for his previously filed EEOC complaints.  In order to establish a *prima facie* claim of retaliation, Haley must (1) identify some prior protected activity he engaged in, (2) show that he was subject to an adverse employment action, and (3) present some evidence that there exists a causal connection between the adverse action and the protected activity. *Berman v. Orkin*, 160 F.3d 697, 701 (11th Cir. 1999).  Potter argues, correctly, that Haley cannot establish the required causation element.  Therefore, Potter is also entitled to summary judgment on Haley's retaliation claim.

A plaintiff can establish a causal connection between

protected activity and an adverse employment action if the evidence indicates that the protected activity and the adverse action are not wholly unrelated. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000). There is no doubt that Haley was involved with prior EEOC activity, just as there is no doubt that Cisko has no history with the EEOC. From these two undisputed facts, Haley would establish the necessary causal link. *See* Pl.'s Br. in Opp. to Mt. for Sum. Judg., 11. These coincidental facts do not, in any way, establish causation.

Even where, as in this case, there is no direct evidence of a retaliatory motive, causation can nevertheless be established from a temporal proximity between the protected conduct and an adverse employment action. *Gupta*, 212 F.3d at 590. In this case, however, Haley has made no attempt to show any temporal relationship. Furthermore, the oft-asserted fact that Cisko has no history of EEOC activity does not, on its own, indicate that the many valid reasons for selecting Cisko for the WIA position were a pretext to cover up a retaliatory animus against Haley. In the absence of **both** a temporal link and any substantive evidence of causation, this court has no difficulty in concluding that Potter is entitled to summary judgment on Haley's retaliation claim. The court finds it to be virtually impossible that a choice between two qualified candidates can constitute retaliation against the losing candidate.

As discussed in the preceding section, even if Haley had

established the required causal connection, he has not satisfied his burden to show that the stated justifications of the USPS were pretextual.  This is as true for his retaliation claim as it is for his discrimination claim.  All three members of the interviewing panel determined that Cisko was the most qualified candidate and Haley has presented no credible evidence whatsoever to suggest that the reasons articulated for reaching that decision were pretextual.

### IV. Conclusion

For the foregoing reasons, the court will grant Potter's motion for summary judgment by a separate order.

DONE this 28th day of June, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE